FILED
OCT 1 1 2006

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BRYAN DYER, | \* | CIV. 06-4046 |
| | \* | |
| Plaintiff, | \* | MEMORANDUM OPINION |
| vs. | \* | AND ORDER |
| | \* | |
| FRANK VIRCHOW; ans | \* | |
| STATE FARM FIRE AND CASUALTY | \* | |
| COMPANY, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Bryan Dyer, has submitted two motions to amend his complaint so as to include additional causes of action in contract and tort and to add a paragraph alleging that Defendant, State Farm Fire and Casualty Company, has willfully, vexatiously, and without reasonable cause refused to pay Plaintiff's claim, entitling Plaintiff to attorney fees pursuant to S.D.C.L. § 58-12-3. Doc. 18 and 19. Defendants, Frank Virchow and Stare Farm Fire and Casualty Company, have opposed the motions to amend on the basis that the proposed amendments would be futile. For the reasons stated below, the motions to amend are granted.

## DISCUSSION

"The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* Fed. R. Civ. P. 15(a). Leave to amend should normally be granted absent good reasons to the contrary. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "A district court can refuse to grant leave to amend a pleading only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis*, 207 F.3d at 525 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

A motion to amend a complaint should be denied on the merits only if it asserts clearly frivolous claims. In addition, the likelihood of success on the new claim is not a consideration for denying leave to amend to add a claim unless the claim is clearly frivolous. *Becker v. University of Nebraska, at Omaha*, 191 F.3d 904, 908 (8th Cir.1999).

The motions to amend in this case were submitted within the deadline for amending pleadings which was set forth in the Rule 16 Scheduling Order. The Court finds that the proposed amendments were timely submitted.

Plaintiff's case involves Plaintiff's work in the United States as a temporary agricultural employee from Australia under the H-2A program, and the requirements of insurance pursuant to 20 C.F.R. § 655.102(b)(2). 20 C.F.R. § 655.102(b)(2) provides in relevant part:

> The employer shall provide, at no cost to the worker, insurance, under a State workers' compensation law or otherwise, covering injury and disease arising out of and in the course of the workers employment which will provide benefits at least equal to those provided under the State workers' compensation law, if any, for comparable employment . . . .

Defendants contend that Plaintiff's proposed amendment ignores the wording of the statute, and claims that worker's compensation insurance is the only permissible type of insurance, when the statute expressly states otherwise. Defendants further argue that 20 C.F.R. § 655.102(b)(2) requires only that benefits be provided in an amount "at least equal to" state worker's compensation benefits, "if any," and that since South Dakota law (SDCL § 62-3-15) expressly exempts agricultural employees from the operation of its worker's compensation statutes, there would be no worker's compensation benefits owed to an agricultural worker under 20 C.F.R. § 655.102(b)(2). Defendants contend that by providing another type of insurance the requirements of the H-2A program were met.

Plaintiff contends that since defenses such as contributory negligence and assumptions of the risk, which are asserted in Defendants' pleadings, are not applicable under the principles of workers compensation law, Plaintiff's claim which alleges a breach of a legal duty to provide insurance is not futile. At this stage of the proceedings this Court cannot reject Plaintiff's argument and the Court does not find that the claim for breach of a legal duty to provide insurance is clearly frivolous.

Defendants contend that Plaintiff's amended claims, seeking compensation for fraudulent inducement and wrongful failure to procure workers compensation insurance, are without factual and legal merit. Defendants maintain that Plaintiff's motions to amend his Complaint should be denied as futile for this reason. Counsel for Plaintiff has provided an employment contract between Plaintiff and Defendant Virchow, which Plaintiff's counsel received from Defendants in the Rule 26 disclosures. This employment contract states, "Workers Compensation coverage is provided at no

2

extra cost to the employee." Although Defendants do not dispute the absence of Workers Compensation coverage, Defendants contend that Plaintiff verbally acquiesced to a farm/ranch liability policy instead of the Workers Compensation coverage. This is not the stage of the proceedings in which the factual disputes and accompanying legal issues are to be resolved. The amended claims, seeking compensation for fraudulent inducement and wrongful failure to procure workers compensation insurance, are not clearly frivolous, and Plaintiff will be allowed to proceed with them. Accordingly,

    IT IS HEREBY ORDERED that Plaintiff's Motions to Amend Complaint (Doc. 18, 19) are granted and the Clerk shall accept for filing a signed Amended Complaint.

    Dated this 11th day of October, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)   DEPUTY

3